IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:07-cv-00498-GCM

| | |
|---|---|
| UNITED STATES TRUST COMPANY, N.A., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STANFORD GROUP COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | **MOTION TO DISMISS OR STAY ACTION** |

Defendant Stanford Group Company ("Stanford Group") moves to dismiss this action pursuant to F.R. Civ. P. 12(b)(1) (2008) based on the failure of Plaintiff United States Trust Company, N.A. ("U.S. Trust"), to properly plead the existence of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1348.  See, e.g., F.R. Civ. P. 8(a) (2008) (requiring "a short and plain statement of the grounds upon which the court's jurisdiction depends"); Charles A. Wright, Arthur R. Miller, Edward H. Cooper, 13 Federal Practice and Procedure, § 3522 at 62-63 (2d ed. 1984 & Supp. 2007) ("The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  Thus the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint." (footnotes omitted)).  Specifically, as Stanford Group explains more fully in its contemporaneously filed Brief in Support of Motion to Dismiss or Stay ("Supporting Brief"), U.S. Trust has failed to establish its citizenship for purposes of diversity jurisdiction.  Compare [Docket Entry ("D.E.") 1, p. 2 (¶ 4)] (alleging that U.S. Trust "is a corporation organized under the laws of Delaware with its principal place of business located at 114 West 47th Street, New York, New York 10036"), with 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all

other actions by or against them, be deemed citizens of the States in which they are respectively located."), Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306-07, 126 S.Ct. 941, 944-45, 163 L.Ed.2d 797 (2007) (noting that national banks are "corporate entities chartered not by any state, but by the Comptroller of the Currency of the U.S. Treasury," and holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"), Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A., 470 F.Supp.2d 312, 317 (S.D.N.Y. 2006) (finding that "a national bank is not a citizen of the state where its principal place of business is located, to the extent that state is different from the state where the national bank's main office is located, as designated in its articles of association"), and Schlegel v. Bank of America, N.A., -- F.Supp.2d --, 2007 WL 1244567 at *1 n.1 (W.D. Va. April 27, 2007) ("A national banking association's 'principal place of business' could be the same state as the one in which its main office as set forth in its articles of association is located, but the two phrases should not be used interchangeably.").

Stanford Group also moves to dismiss this action under F.R. Civ. P. 12(b)(7) (2008) because U.S. Trust has failed to join parties needed for just adjudication under F.R. Civ. P. 19 (2008). Specifically, as Stanford Group details more fully in its Supporting Brief, U.S. Trust has failed to join as defendants its fourteen (14) former employees that are now Stanford Group employees, see [D.E. 1, pp. 6-9 (¶¶ 25, 27-41)], each of whom (1) implicates the joinder criteria set forth in F.R. Civ. P. 19(a)(2)(i) & (ii) (2008); and (2) constitutes an indispensable party under F.R. Civ. P. 19(b) (2008) if U.S. Trust is a North Carolina citizen for jurisdictional purposes. See, e.g., Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (delineating the two-part test for analyzing compulsory joinder issues under F.R. Civ. P. 19(a) & (b)); Homeamerican Credit, Inc. v. Vermillion, -- F.Supp. --, 1997 WL 793047 at *2-*6 (E.D. Pa. 1997) (dismissing

the plaintiff's action against its former employees' new employer--an action that involved claims for tortious interference with existing and prospective contractual relations, misappropriation of trade secrets, and unfair competition--because the plaintiff failed to join the former employees under F.R. Civ. P. 19); Torrington Co. v. Yost, 139 F.R.D. 91, 92-93 (D.S.C. 1991) (dismissing the plaintiff's misappropriation of trade secrets action against its former employee because the plaintiff failed to join the former employee's new employer under F.R. Civ. P. 19).

Lastly, Stanford Group moves in the alternative to stay this action under the abstention-like principles enunciated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Specifically, as Stanford Group details more fully in its Supporting Brief, this Court should stay this action consistent with Colorado River/Moses H. Cone because (1) U.S. Trust is the plaintiff in a parallel action currently pending in North Carolina state court; and (2) considerations of wise judicial administration clearly favor eschewing the exercise of diversity jurisdiction here (if such jurisdiction even exists). See, e.g., Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 340-41 (4th Cir. 2002) ("Under the principles of Colorado River, federal courts may abstain from exercising their jurisdiction in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings and '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention . . . ."); CIGNA Healthcare of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 851-56 (7th Cir. 2002) (upholding stay of a federal action under Colorado River/Moses H. Cone until final disposition of an arbitrability issue pending in a parallel state court action); Covance Labs., Inc. v. Orantes, 338 F.Supp.2d 613, 614-619 (D. Md. 2004) (engaging in Colorado River/Moses H.

Cone analysis to stay a former employer's federal action to enforce non-competition restriction against its former employee in light of a parallel state court action involving the validity of such restriction).

**WHEREFORE**, Stanford Group respectfully requests this Court to dismiss this action pursuant to F.R. Civ. P. 12(b)(1) & 12(b)(7) (2008) or, in the alternative, to issue a stay consistent with the Colorado River doctrine.[1]

Respectfully submitted this 16th day of January, 2008.

**JAMES, McELROY & DIEHL, P.A.**

/s       Preston O. Odom, III
John R. Buric, N.C. Bar No. 22688
Fred B. Monroe, N.C. Bar No. 23438
Preston O. Odom, III, N.C. Bar No. 29587
Adam L. Ross, N.C. Bar No. 31766
600 S. College St., Suite 3000
Charlotte, North Carolina 28202
704-372-9870 (telephone)
704-333-5508 (facsimile)
JBuric@jmdlaw.com
FMonroe@jmdlaw.com
POdom@jmd.law.com
ARoss@jmdlaw.com
*Attorneys for Defendant*

---

[1] Stanford Group requests this relief without waiving the right to later move (if necessary) to compel arbitration and/or stay this action pending arbitration after final disposition of the arbitrability issue currently pending in the parallel North Carolina state court action.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **MOTION TO DISMISS OR STAY ACTION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiffs' counsel of record at Helms, Mulliss & Wicker, PLLC, as follows:

> Irving M. Brenner – irving.brenner@hmw.com
> John G. McDonald – john.mcdonald@hmw.com
> Makila A. Sands – makila.sands@hmw.com

This the 16th day of January, 2008.

**JAMES, McELROY, AND DIEHL, P.A.**

/s    Preston O. Odom, III
John R. Buric, N.C. Bar No.
Fred B. Monroe, N.C. Bar No.
Preston O. Odom, III, N.C. Bar No. 29587
Adam L. Ross, N.C. Bar No. 31766
600 S. College St., Suite 3000
Charlotte, North Carolina 28202
704-372-9870 (telephone)
704-333-5508 (facsimile)
JBuric@jmdlaw.com
FMonroe@jmdlaw.com
POdom@jmd.law.com
ARoss@jmdlaw.com
*Attorneys for Defendant*